# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5169 | **DATE** | 12/5/2012 |
| **CASE TITLE** | Calvin Stuckey vs. Bank of America | | |

**DOCKET ENTRY TEXT**

Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [8] is granted. This action is dismissed for lack of jurisdiction.

■[ For further details see text below.]   Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

   Plaintiff Calvin Stuckey, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. Although his complaint is not clear, he appears to be complaining about what he claims was an invalid transfer of his mortgage in 2007 on his property located at 18302 Clyde Ave. in Lansing, Illinois. He is requesting that this Court "enter a Quiet Title Judgment determination that he is the owner of the property and the fee simple and that the Defendant has no right to title, estate lien or interest in the property." (Dkt. # 1 at p.8)
   Defendant Bank of America, N.A. ("BANA") has filed a motion to dismiss. BANA states that it has foreclosed on plaintiff's property. A Judgment of Foreclosure was entered in 2009 with the Confirmation of Sale taking place in April 2012. BANA argues that this case is an attempt to reopen and relitigate issues the state court already decided. BANA raises three specific grounds for dismissing the complaint.
   First, it argues that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine, which bars "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The doctrine bars both claims actually raised in state court but also any claims that are "inextricably intertwined with state court determinations." *Kelley v. Med-I Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008). BANA asserts that the attempt by plaintiff in this lawsuit to "quiet title" is an attack on the state court's Judgment of Foreclosure issued in 2009. If this Court were to nullify the mortgage assignment to BANA, as plaintiff seems to be requesting, then this would (BANA argues) constitute a reversal of the state court's determination that BANA is the owner of plaintiff's property.

   Second, BANA notes that, although a final judgment has been entered in state court, the case is still ongoing because BANA has not yet taken possession. To the extent that plaintiff's claims in Federal court relate to these ongoing proceedings, BANA argues that the *Younger* abstention doctrine applies. Under this doctrine, this Court should abstain from adjudicating claims that "seek to interfere with or interrupt ongoing state proceedings." *SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 677-79 (7th Cir. 2010) (holding that a federal district court's interference with a state court eviction would "run contrary to the 'vital'

**STATEMENT**

considerations of comity and federalism"). BANA argues that the Circuit Court of Cook County has a strong interest in overseeing and handling mortgage foreclosures relating to property located in Cook County. (BANA Br. at 7.) BNA also asserts that plaintiff has an adequate opportunity to assert his claims in state court and that he should do so there. (*Id.*)

   Third, BANA argues that if this Court nonetheless chose to exercise jurisdiction despite the above two arguments, plaintiff's complaint still should be dismissed because he cannot bring a § 1983 claim against BANA. This is because BANA is a private corporation and not a state actor and therefore plaintiff cannot show that the alleged acts were performed under the color of state law. *See, e.g.*, *Fowler v. Bank of America Corp.*, 2011 WL 335239, *5 (N.D. Ill. Jan. 28, 2011).

   In response to these three arguments, plaintiff does not take issue with the factual contentions made by BANA, specifically that the state court in fact has issued several foreclosure rulings. Plaintiff goes on to argue that the assignment for the transfer of his home "was a misrepresentation of the facts and forgery" and that BANA "had no 'legal' rights to foreclose or collect any obligations concerning the mortgage of the property." (Pl. Resp. at 2.) Plaintiff complains about a fraudulent signature in the mortgage assignment, and asserts that he overpaid interest on his mortgage. (*Id.* at 3.) He also states that "as a result of improper procedures, the true owner of his mortgage is unclear." (*Id.* at 4.)

   Having reviewed the arguments of both sides, this Court agrees with the three grounds for dismissal raised by BANA. Although plaintiff has set forth various allegations concerning his mortgage and the operation of the Mortgage Electronic Registration Systems ("MERS"), all his allegations still come back to the final end point of the relief he is seeking: to quiet title. Such relief cannot be provided by this Court without in effect reversing the state court judge and putting this Court in the role of an appellate court to the state court. This is prohibited by *Rooker-Feldman*. Plaintiff should continue to assert his arguments in state court. Even if plaintiff could overcome the first two arguments set forth above, he has not raised any argument – and this Court can find none – that would satisfy the state actor requirement for a § 1983 claim. For all the above reasons, the complaint is dismissed for lack of jurisdiction.